IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP DEWAYNE STEWART                                                                 PLAINTIFF

v.                                        Case No. 6:15-cv-06023

RAY HOBBS, Director, Arkansas Department of
Corrections (ADC); and RAYMOND NAYLOR,
Disciplinary Appeal Administrator, ADC                                                DEFENDANTS

**ORDER**

Plaintiff, Phillip Dewayne Stewart, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 25, 2015 in the Eastern District or Arkansas. (Doc. 1). It was properly transferred to this District on March 16, 2015.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.     BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC"), Varner Unit. Plaintiff alleges Defendants violated his constitutional rights by "failing to correct" a disciplinary action filed against him because he stated he had filed a federal lawsuit. Defendant, Ray Hobbs, is the Director of the ADC. Defendant, Raymond Naylor, is the Disciplinary Appeal Administrator of the ADC.

Plaintiff attached a copy of the disciplinary action and Defendant Hobbs' response on appeal to his Complaint. (Doc. 2, pp. 14-15). The disciplinary was filed by Sergeant Kevin Starkey on

1

December 6, 2013, and is based on events which occurred on December 4, 2013. The charges were failure to obey an order, insolence to a staff member, and out of place of assignment. (Doc. 2, p. 15) The circumstances listed were as follows:

> On above date and while working in the garden Farm Zone 1, Cpl. Williams took the squad to a water break. Inmate Stewart, P. #151956 was trying to use the bathroom facing the parking lot. Cpl. Williams told him to step across the road. Inmate then tried to go on the picking crates. He then moved him over by the trailer and he used the bathroom. I, Sgt. Starkey could hear him saying something about a lawsuit. Inmate then went across the road and sat down. Major pulled up, I was talking to Major. Inmate Stewart got up, came across the road and tried to walk upon myself and Major sitting in the truck. I backed my horse up and [a]sked what he was doing. Inmate said "I am going to talk to Major." I gave him a direct order to stop. He became belligerent. Major stepped out, placed him in cuffs and hauled him in. End of statement.

(Doc. 2, p. 15). Plaintiff appealed the disciplinary. Defendant Hobbs found no reason to modify or reverse the disciplinary. He stated: "You failed to comply with a direct order and you were insolent to staff. Your appeal is denied." (Doc. 2, p. 14)

Plaintiff requests ten million dollars in punitive damages. (Doc. 2, p. 4)

## II.     APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.     DISCUSSION

Plaintiff's Complaint is frivolous. The filing of a disciplinary is actionable under § 1983 if the filing was done in retaliation for pursuing a constitutionally protected right, such as filing a federal lawsuit. *Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009). Here, the disciplinary charge itself makes it clear Plaintiff was engaged in misconduct both before and after he stated something about a lawsuit in the hearing of the officers. He was not handcuffed until he disobeyed a direct order and became belligerent, which was several actions after the officer noted he mentioned something about a lawsuit. Plaintiff cannot innoculate himself against a disciplinary charge simply by mentioning a lawsuit while in the midst of misbehavior.

Further, even assuming Plaintiff had provided sufficient allegations for a claim of a retaliatory disciplinary, he cannot sue these Defendants for that charge. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper*, 130 F.3d at 1314 ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)).

In this case, Plaintiff's only claim against Defendants is that they failed to reverse the

disciplinary against him when he appealed it. This does not support a claim against them. *See, e.g., Manning v. Hobbs*, 2012 WL 2087445 (E.D. Ark. May 23, 2012) (ADC Director Hobbs and Disciplinary Hearing officer not liable in *respondeat superior* for issuance of disciplinaries).

For these reasons, Plaintiff's Complaint should be, and hereby is, DISMISSED WITH PREJUDICE. Further, this case is counted as a strike under 28 U.S.C. § 1915(g), and the Clerk is directed to enter a Section 1915(g) strike flag on this case.

Judgment will be entered accordingly.

**IT IS SO ORDERED** this 26th day of January, 2016.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE